JS 44C/SDNY
REV. 7/2012

**JUDGE COTE   CIVIL COVER SHEET**

12 CIV 6843

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
James Nordgaard

**DEFENDANTS**
Candace King Weir, Paradigm Capital Management, Inc., and C.L. King & Associates, Inc.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Outten & Golden
3 Park Avenue, 29th Floor
New York, New York 10016

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Retaliation under Section 922 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. 78u-6(h) et seq.

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes [ ]  Judge Previously Assigned

If yes, was this case Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [X]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)   **NATURE OF SUIT**

**TORTS**                                                                 **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL, & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U S Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[X] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE.

DEMAND $_____   OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)   ORIGIN
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
  [ ] a. all parties represented
  [ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)   BASIS OF JURISDICTION     IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)
[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

James Nordgaard
1 Arrowhead Ct.
Middletown, NJ 07748

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Candace King Weir
9 Elk Street
Albany, New York, 12207

Paradigm Management, Inc.
410 Park Avenue
New York, New York, 10022

C.L. King & Associates, Inc.
9 Elk Street
Albany, New York, 12207

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT)

DATE   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 03  Yr. 2004)
Attorney Bar Code # TM 2934

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court. FRANCIS

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

James Nordgaard

*Plaintiff*

v.

Candace King Weir, Paradigm Capital Management, Inc., and C.L. King & Associates, Inc.

*Defendant*

Civil Action No. **12 CIV 6843**

**JUDGE COTE**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Candace King Weir
9 Elk Street
Albany, New York, 12207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Tammy Marzigliano
Cara E. Greene
Amber C. Trzinski
Outten & Golden
3 Park Avenue, 29th Floor
New York, NY 10016

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: SEP 1 0 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

**12 CIV 6843**

| | | |
|---|---|---|
| James Nordgaard | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. **JUDGE COTE** |
| Candace King Weir, Paradigm Capital Management, Inc., and C.L King & Associates, Inc. | ) ) ) | |
| Defendant | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Paradigm Capital Management, Inc.
410 Park Avenue
New York, NY 10022

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Tammy Marzigliano
Cara E. Greene
Amber C. Trzinski
Outten & Golden
3 Park Avenue, 29th Floor
New York, NY 10016

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: SEP 10 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

12 CV 6843

| | |
|---|---|
| James Nordgaard | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   **JUDGE COTE** |
| Candace King Weir, Paradigm Capital Management, Inc., and C.L. King & Associates, Inc. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C.L. King & Associates, Inc.
9 Elk Street
Albany, New York, 12207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Tammy Marzigliano
Cara E. Greene
Amber C. Trzinski
Outten & Golden
3 Park Avenue, 29th Floor
New York, NY 10016

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: SEP 10 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JUDGE COTE

**OUTTEN & GOLDEN LLP**
Tammy T. Marzigliano
Cara E. Greene
Amber C. Trzinski
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

12 CIV 6843

RECEIVED
SEP 10 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES NORDGAARD,<br><br>Plaintiff,<br><br>-against-<br><br>CANDACE KING WEIR, PARADIGM CAPITAL MANAGEMENT, INC., and C.L. KING & ASSOCIATES, INC.,<br><br>Defendants. | Docket No.<br><br><br>**COMPLAINT**<br><br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

Plaintiff James Nordgaard, by his attorneys Outten and Golden LLP, alleges and avers as follows:

### NATURE OF THE CASE

1. Mr. Nordgaard's career as a Head Trader came to an abrupt end after he notified his employers, Candice King Weir ("Ms. King Weir"), Paradigm Capital Management, Inc. ("PCM"), and C.L. King & Associates ("C.L. King") (together, "Defendants"), on July 16, 2012, that he had reported what he believed to be illegal activities to the Securities Exchange Commission ("SEC"). Defendants' immediate response was to ask whether Mr. Nordgaard would resign. When he did not resign, Defendants stated that they considered the relationship with Mr. Nordgaard to be "irreparably damaged" and embarked on a campaign of retaliation against Mr. Nordgaard.

2. Defendants removed Mr. Nordgaard from the trading desk and refused to allow him to trade. Instead, they assigned him to an isolated location to do low-level compliance work, effectively demoting him. Forcing him to sit alone in a room with little ventilation, Defendants presented Mr. Nordgaard with a large stack of papers and insisted that he review them for trade problems, while simultaneously refusing to provide Mr. Nordgaard with the reports he needed to do so. After more than a month of continuous retaliation, Defendants constructively terminated Mr. Nordgaard's employment on August 17, 2012.

3. Mr. Nordgaard now brings this action under the Securities Whistleblower Incentives and Protection provisions of Section 922 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u–6(h) *et seq.*, (the "Dodd-Frank Act") for Defendants' unlawful retaliation.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, based on Plaintiff's claims under Section 922 of the Dodd-Frank Act.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(a) because Ms. King Weir, PCM, and C.L. King are residents of New York and a substantial part of the events or omissions giving rise to these claims occurred in New York.

## PARTIES

### Plaintiff

6. Mr. Nordgaard is a citizen of Middletown, New Jersey.

7. Mr. Nordgaard began working for Defendants as Head Trader in 2009. As Head Trader, Mr. Nordgaard managed Defendants' trading desk. He was responsible for Defendants' trading positions, risk management, and order execution.

8.  During the course of his employment, Mr. Nordgaard became aware that Defendants were engaging in what he reasonably believed to be violations of SEC regulations and securities laws and he reported his concerns to the SEC.

**Defendants**

9.  Candace King Weir is an individual residing in New York.

10. Ms. King Weir is the Founder, Director, President and Chief Investment Officer and owner of Paradigm Capital Management. PCM is a "buy-side" firm with approximately $2 billion in assets under management. PCM does business as a domestic company in the City and County of New York and in Albany, New York.

11. Ms. King Weir is the Founder, President and CEO, and owner of C.L. King & Associates, Inc. C.L. King is a brokerage firm specializing in asset management and "sell-side" client trades. C.L. King does business as a domestic company in Albany, New York.

12. Ms. King Weir manages both PCM and C.L. King (the "Corporate Defendants"). Ms. King Weir has ultimate decision-making authority as to the business and administration of the Corporate Defendants. She regularly exercises authority over hiring, firing and other employment decisions for both Corporate Defendants.

13. The Corporate Defendants share a common address, office space, and facilities.

14. The Corporate Defendants share a common group of employees.

15. The Corporate Defendants use one another's names interchangeably.

16. Employees of each Corporate Defendant from time to time perform work for the benefit of one or more of the other Corporate Defendants.

17. The Corporate Defendants are part of a single integrated enterprise that employed Mr. Nordgaard. In the alternative, the Corporate Defendants were Mr. Nordgaard's joint employers. Whether as a single enterprise or joint employers, the Corporate Defendants employed Mr. Nordgaard within the meaning of the Dodd-Frank Act.

18. Ms. King Weir, jointly with the Corporate Defendants, employed Mr. Nordgaard within the meaning of the Dodd-Frank Act.

## FACTUAL ALLEGATIONS

**Mr. Nordgaard Engages In Protected Activity Under The Dodd-Frank Act**

19. On July 16, 2012, Mr. Nordgaard informed Ms. King Weir and Peter Bulger, the Executive Managing Director and Chief Operating Officer for C.L. King, via email, that he had disclosed what he believed to be Defendants' trading violations to the SEC.

20. In his email, Mr. Nordgaard told Defendants that he had "been compelled to disclose these violations to the SEC" after Robert Benton, the Senior Managing Director and Chief Financial Officer for C.L. King, and John Gulick, Chief Compliance Officer for PCM, ignored his numerous concerns regarding the trading issues.

21. Mr. Nordgaard's email listed a number of trading violations, including his concerns about Defendants' "deliberate disregard of compliance rules," as well as "passing over the interests of PCM's institutional investors in favor of the hedge fund and [King Weir's] personal accounts."

**Defendants Retaliate Against Mr. Nordgaard**

22. Immediately after Mr. Nordgaard sent the email on July 16, 2012, Mr. Bulger called Mr. Nordgaard down to his office and asked whether Mr. Nordgaard would resign. Mr. Nordgaard replied that he had no intention of resigning.

23. The next day, on July 17, 2012, Defendants suspended Mr. Nordgaard's trading duties.

24. On that same day, Corporate Defendants' in-house counsel, Garrett Dombrowski, emailed Mr. Nordgaard to say that the compliance issues he had raised warranted immediate action and demanded that Mr. Nordgaard provide more details about the trading violations he had reported to the SEC.

25. On July 18, 2012, Defendants informed Mr. Nordgaard that his trading privileges were suspended and blocked Mr. Nordgaard's access to all business systems, including email, accounting, and trading systems. Defendants issued Mr. Nordgaard a new email address and restricted his use of that email. They further stated that Mr. Nordgaard could only access the business systems through Mr. Gulick. This was not pursuant to normal business practice since Mr. Nordgaard had always had unfettered access to Defendants' business systems.

26. On July 20, 2012, at Defendants' request, Mr. Nordgaard provided Defendants with more information and details regarding the trading violations. Specifically, Mr. Nordgaard listed his concerns that Defendants were putting hedge fund and personal account interests over institutional accounts, cancelling previously reported trades, marginalizing the compliance department, and engaging in a soft dollar policy that valued the hedge series and personal accounts over the institutional accounts.

27. On July 24, 2012, Mr. Dombrowski sent Mr. Nordgaard, through his attorneys, a letter stating that "PCM is of the view that the employment relationship between Mr. Nordgaard and PCM has been irreparably damaged and, accordingly, would like to cooperate with Mr. Nordgaard in his leaving employment with as little difficulty or acrimony as possible."

28. For a time, the parties agreed that Mr. Nordgaard would not report to work. However, when it became apparent that Defendants were unwilling to adequately compensate Mr. Nordgaard for the termination of his employment, Mr. Nordgaard informed Defendants that he was prepared to return to work as Head Trader.

29. Prior to his return, Defendants indicated in an August 12, 2012 email that Mr. Nordgaard's job duties were going to change and that Defendants "need not explain further."

30. Mr. Dombrowski instructed Mr. Nordgaard to report to work on August 13, 2012, and Mr. Nordgaard did.

31. As they had promised, Defendants changed Mr. Nordgaard's job duties and refused to allow him to trade. Instead, Defendants forced Mr. Nordgaard to work in an isolated fourth-floor room with poor ventilation, reviewing stacks of documents for possible trade violations.

32. Defendants refused to provide Mr. Nordgaard with the trading report he needed to comply with Defendants' demands, despite the fact that Mr. Nordgaard described the report in great detail and even sent Defendants a sample report. Although Defendants were in possession of the report, Defendants never provided the report to Mr. Nordgaard, making it impossible for him to meet Defendants' demands.

33. Further, Defendants demanded that Mr. Nordgaard compile and revise Corporate Defendants' compliance policies, and refused to allow him access to other traders and employees to do so.

34. Instead of allowing him to trade, Defendants demoted Mr. Nordgaard from his Head Trader position and forced him to review innumerable trades spanning a period of years—a laborious and unnecessary task for the Head Trader—in order to generate a report that was not his responsibly to write. In short, Defendants substantially changed Mr. Nordgaard's job responsibilities and duties to that of a nominal compliance job, thereby demoting him.

**Defendants Constructively Terminate Mr. Nordgaard's Employment**

35. After notifying Defendants that he had reported them to the SEC, Mr. Nordgaard cooperated with Defendants' requests and instructions, even though they were unreasonable and retaliatory. When Mr. Nordgaard returned to work on August 13, 2012, he did so in the hope that Defendants would restore him to his position as Head Trader. Instead, Defendants forced Mr. Nordgaard off the trading desk, literally and figuratively isolated him, limited his communications with co-workers and his access to business systems, and made it impossible for him to resume his trading responsibilities.

36. Mr. Nordgaard's relationships within the industry were negatively impacted by his absence from the trading desk and Mr. Nordgaard understood that his continued absence from the trading desk would cause substantial harm to his career.

37. Defendants made it clear to Mr. Nordgaard, both through their explicit words and actions, that they had no intention of ever restoring him to his trading position. In fact, Defendants indicated that their relationship with Mr. Nordgaard was "irreparably damaged."

38. Mr. Nordgaard understood that Defendants would never allow him to return to his job as a trader and, on August 17, 2012, he was forced to resign.

39. Defendants constructively terminated Mr. Nordgaard's employment by retaliating against him and creating an intolerable work environment.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Whistleblower Retaliation)
(Dodd-Frank Act, 15 U.S.C. § 78u-6(h) *et seq.*)
(Against All Defendants)

40. Mr. Nordgaard realleges and incorporates by reference all allegations in the preceding paragraphs.

41. On or about July 16, 2012, Mr. Nordgaard explicitly told Defendants that he had reported their trading violations to the SEC.

42. As described above, Defendants retaliated against Mr. Nordgaard and constructively terminated his employment.

43. As a result of Defendants' unlawful acts, Mr. Nordgaard has been damaged and is entitled to reinstatement and recovery of twice the amount of back pay otherwise owed to him, with interest; as well as compensation for litigation costs, expert witness fees, and attorneys' fees, costs, and other compensation pursuant to 15 U.S.C. § 78(h)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

A. Declaring that Defendants' acts and practices complained of herein violate the Dodd-Frank Act;

B.   Directing Defendants to reinstate Mr. Nordgaard with the same seniority status that he would have had, but for Defendants' retaliatory treatment, and pay damages of two times his back pay, with interest;

C.   Awarding reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. § 78(h)(C);

D.   Awarding such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: September 10, 2012

Respectfully submitted,

OUTTEN & GOLDEN LLP

By: _/s/ Tammy T. Marzigliano_
Tammy T. Marzigliano
Cara E. Greene
Amber C. Trzinski
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiff**